J-A24030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GREGORY MOTT | : | |
| | : | |
| Appellant | : | No. 2976 EDA 2018 |

Appeal from the PCRA Order Entered October 10, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0014603-2009

BEFORE:   BENDER, P.J.E., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED NOVEMBER 05, 2019**

Appellant, Gregory Mott, appeals from the October 10, 2018 Order, entered in the Philadelphia County Court of Common Pleas, dismissing his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as meritless.  After careful review, we affirm.

A prior panel of this Court summarized the underlying facts as follows:

Appellant's convictions stem from the shooting death of Michael Lazo.  At Appellant's jury trial, Norma Diaz testified for the Commonwealth.  She stated that at about 9:00 p.m. on September 3, 2009, she encountered Appellant driving a white van with blue detailing.  Diaz was familiar with Appellant and knew him by the nickname "Squeeze."  Appellant stopped his van and asked if Diaz knew Michael Lazo.  She responded that she did, and Appellant then offered to pay Diaz $200 to find Lazo and bring him to the intersection of 7th and Sedgley streets.  Diaz agreed and, after locating Lazo a short time later, she brought him to 7th and Sedgley streets as instructed by Appellant.  Once there, Diaz

_____

[*] Retired Senior Judge assigned to the Superior Court.

observed Appellant's white van parked along the curb. Diaz claimed that as Lazo approached the van, someone inside the vehicle shot Lazo multiple times. Diaz testified that she could not see the face of the person who shot Lazo, but did see a gun protruding from the passenger side of the white van.

During Diaz's testimony, the Commonwealth introduced into evidence two prior statements she had given to the police. In the first, given by Diaz on the night of the shooting, Diaz did not tell police about Appellant asking her to find Lazo. Instead, she claimed she was standing around the corner from the location of the shooting when she heard the gunshots, but she did not see who shot Lazo. She also stated that she saw a white van leaving the scene of the shooting.

However, the day after the shooting, Diaz provided a second statement to homicide detectives, at that point admitting that prior to the shooting, she encountered Appellant driving a white van and he offered her money to find Lazo. She told the detectives that she took Lazo to the location where Appellant's van was parked, and that she could see Appellant's face when he shot Lazo with a black gun from the passenger-side window of the vehicle. She also told the detectives that she did not see anyone else in the van with Appellant at any point during her encounters with him. Diaz testified at trial that she did not tell the police all of this information on the night Lazo was shot because she was scared.

In addition to Diaz's testimony, the Commonwealth presented the testimony of Jose Matos, who stated that on September 3, 2009, he saw Diaz and Lazo walking toward a white van, after which he heard gunshots. He did not see who was shooting the weapon.

The Commonwealth also introduced evidence of a statement to police provided by eyewitness Wanda Lopez, who was deemed legally unavailable to testify. [Lopez had previously testified at Appellant's Preliminary Hearing.] In that statement, Lopez told police that she saw Appellant "hanging out of the passenger side window [of a van] with a gun," and that she witnessed Appellant shoot Lazo several times. N.T. Trial, 12.15.10, at 38. However, at the preliminary hearing, Lopez repudiated this statement, claiming that she did not see the shooting.

Finally the Commonwealth introduced testimony by Philadelphia Police Officer Rafael Cordero, who testified that he encountered Appellant in August of 2009 at a location where a "street

salesman" was selling cars.  N.T. Trial, 12/15/10, at 71.  Officer Cordero testified that Appellant was looking at a white van and told the officer that he was going to buy it.

*Commonwealth v. Mott*, No. 152 EDA 2011 (Pa. Super. filed October 31, 2012).

Police arrested Appellant for Lazo's murder and related crimes, and on December 17, 2010, a jury convicted Appellant of First-Degree Murder, Firearms not to be Carried without a License, and Carrying a Firearm in Public in Philadelphia.[1, 2]  That same day, the trial court sentenced Appellant to a term of life imprisonment without the possibility of parole.  Appellant filed a timely Post-Sentence Motion, which the trial court denied.  This Court affirmed Appellant's Judgment of Sentence on October 31, 2012,[3] and the Pennsylvania Supreme Court denied Appellant's Petition for Allowance of Appeal on May 29, 2013.  Appellant did not seek further review of his Judgment of Sentence, which, thus, became final on June 28, 2013.[4]

On June 11, 2014, Appellant timely filed a *pro se* PCRA Petition.  In the Petition, Appellant alleged that his trial counsel was ineffective for failing to contact Dietra Gaines and to call her to testify as an alibi witness.  PCRA Petition, 6/11/14, at 6.  Appellant also indicated that he had discovered that

---

[1] 18 Pa.C.S. §§ 2502(a), 6106(a)(1), and 6108, respectively.

[2] Daniel Rendine, Esquire, represented Appellant at trial.  James A. Lammendola, Esquire, represented Appellant on direct appeal.

[3] On direct appeal, Appellant challenged the weight and sufficiency of the evidence in support of his convictions.

[4] *See* Pa.R.A.P. 903(a); 42 Pa.C.S. § 9545(b)(3).

the Commonwealth's witness Philadelphia Police Officer Raphael Cordero had been convicted in federal court of interfering with a federal drug investigation and convicted of obstruction of justice on December 2, 2013. *Id.* at "7-4." Appellant alleged that the information revealed in the federal indictment indicated that Cordero's brother-in-law was a drug dealer in competition with Appellant. Therefore, Appellant alleged that Cordero's conviction is evidence that, at the time he investigated Lazo's murder, Cordero "could have easily" convinced witnesses against Appellant to incriminate Appellant, and "it is obvious" that Cordero's primary motive in testifying against Appellant was to assist his brother-in-law by removing Appellant as a large competitor. *Id.* at "7-5." Appellant asserts that he would use the newly-discovered evidence of Cordero's corruption as evidence "primarily . . . to show an alternate theory of the crime—that [Appellant] was set-up by a corrupt police officer protecting his family and a very large, dominant[,] and dangerous drug trafficking organization" by "pointing the finger" at Appellant or being "complicit in getting incriminating statements from Ms. Diaz and Ms. Lopez." *Id.* at "7-6." Appellant avers that there is no way that he or his counsel could have obtained this information prior to or during trial. *Id.*

The PCRA court appointed counsel on December 19, 2014. More than two years later, on January 26, 2017, counsel filed an Amended PCRA Petition. In his Amended Petition, Appellant claimed that his trial counsel was ineffective for failing to object to the admission of Wanda Lopez's prior inconsistent statement. Amended PCRA Petition, 1/26/17, at ¶ 8.

On September 11, 2017, the Commonwealth filed a Motion to Dismiss Appellant's Petition. In response, on January 8, 2018, Appellant filed a Supplemental Amended PCRA Petition in which he claimed that his trial counsel was ineffective for failing to object to the admission of Wanda Lopez's prior inconsistent statement and for stipulating to her unavailability. Supplemental Amended PCRA Petition, 1/18/18, at ¶ 9. Appellant also reiterated his newly-discovered evidence claim, and his claim that counsel was ineffective for failing to interview Dietra Gaines and for failing to call her to testify as an alibi witness who he alleged "was and remains available to testify." *Id.* at ¶¶ 19, 20, 26-33.

On February 15, 2018, the Commonwealth filed a Supplemental Motion to Dismiss, to which Appellant filed a Response on April 30, 2018.

On July 11, 2018, the PCRA court advised Appellant of its intent to dismiss his Petition without a hearing as meritless pursuant to Pa.R.Crim.P. 907. Appellant did not file a Response to the court's Rule 907 Notice. On October 10, 2018, the court dismissed Appellant's Petition. This timely appeal followed.[5]

Appellant raises the following three issues on appeal:

1. Did the PCRA [c]ourt abuse its discretion when it held [that Appellant's] trial counsel was not ineffective for failing to object when a non-testifying witness's prior inconsistent statement was read into the record at trial?

---

[5] The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) Statement.

2. Did the PCRA [c]ourt abuse its discretion when it held [that Appellant's] trial counsel was not ineffective for failing to call a known alibi witness?

3. Is [Appellant] entitled to an evidentiary hearing as the result of newly discovered evidence?

Appellant's Brief at 2.

In his first two issues, Appellant challenges the court's conclusion that his ineffective assistance of counsel claims lacked merit.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if the record supports them. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012).

The law presumes counsel has rendered effective assistance. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). "[T]he burden of demonstrating ineffectiveness rests on [A]ppellant." *Id.* (citation omitted). To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003) (citations omitted). Failure to satisfy

any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. ***Commonwealth v. Jones***, 811 A.2d 994, 1002 (Pa. 2002).

First, Appellant claims that his trial counsel was ineffective for failing to object to the portion of Wanda Lopez's preliminary hearing testimony that contained the prior inconsistent statement she gave to police when the Commonwealth read it into the record at trial. Appellant's Brief at 10. As noted above, on September 5, 2009, Ms. Lopez gave a statement to police in which she identified Appellant as Lazo's shooter and she selected Appellant's photograph from a photographic array. At Appellant's preliminary hearing, however, Ms. Lopez repudiated this statement. As such, the Commonwealth impeached Ms. Lopez at the preliminary hearing with her prior inconsistent statement identifying Appellant.

By the time of Appellant's trial, Ms. Lopez was unavailable to testify, and the court permitted the Commonwealth to read into the record her preliminary hearing testimony, including the statement she gave to police.[6] Appellant claims that his counsel should have objected to the admission of Ms. Lopez's statement to police because it constituted a prior inconsistent statement, the admissibility of which required Ms. Lopez's availability for cross-examination. ***Id.*** at 7-11.

_____

[6] Prior to the end of Appellant's trial, Ms. Lopez became available to testify. However, neither the Commonwealth nor Appellant called her as a witness.

Pa.R.E. 803.1 provides, in relevant part, as follows:

**Exceptions to the Rule Against Hearsay--Testimony of Declarant Cecessary**

The following statements are not excluded by the hearsay rule if the declarant testifies [at the trial or hearing] and is subject to cross-examination concerning the statement:

(1) **Prior Inconsistent Statement of Declarant Witness**. A prior statement by a declarant witness that is inconsistent with the declarant witness's testimony, and (A) was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition; or (B) is a writing signed and adopted by the declarant; or (C) is a verbatim contemporaneous recording of an oral statement.

Pa.R.E. 803.1(1). Rule 804 makes clear that testimony given by a witness at a prior proceeding is admissible over a hearsay objection if the party against whom the witness offers the testimony had an adequate opportunity to develop the testimony by direct, cross, or redirect examination. Rule 804(b)(1).

Thus, a prior inconsistent statement used to impeach a witness at a preliminary hearing is admissible at trial as substantive evidence "so long as defendant "was specifically provided the opportunity at the preliminary hearing to cross-examine [the witness]." *Commonwealth v. Stays*, 70 A.3d 1256, 1263-64 (Pa. 2013).

In addressing Appellant's claim, the PCRA court noted that Appellant had a "full and fair opportunity to cross-examine Ms. Lopez" at Appellant's

preliminary hearing about her prior inconsistent statement to police identifying Appellant as the shooter.[7] PCRA Ct. Op., 11/7/18, at 7.

Our review of the record confirms that Ms. Lopez testified at the preliminary hearing, Appellant had a full and fair opportunity to cross-examine her, and the court later determined she was legally unavailable to testify. Accordingly, because the trial court properly admitted Ms. Lopez's testimony at trial, Appellant's claim that the court should have precluded the admission of this testimony lacks arguable merit. The PCRA court, thus, did not err in denying Appellant's ineffectiveness of counsel claim.

In his second issue, Appellant claims the PCRA court erred in concluding that his counsel was not ineffective for failing to call Dietra Gaines as an alibi witness. Appellant's Brief at 12. Appellant claims he was at the Six Flags amusement park with Ms. Gaines at the time of the shooting, that he informed his trial counsel prior to trial that Ms. Gaines would so testify, but that counsel failed to contact Ms. Gaines or call her as an alibi witness. *Id.* at 14.

In order to establish that trial counsel was ineffective for failing to investigate and/or call a witness at trial, a PCRA petitioner must demonstrate that:

---

[7] The PCRA court also aptly concluded that Appellant failed to satisfy the prejudice prong of the ineffective assistance of counsel analysis because: (1) "the record is replete with other evidence sufficient to convict [A]ppellant;" and (2) Appellant declined to call Ms. Lopez to testify "to cure whatever prejudice may have inured to [him]" by the introduction of his entire testimony after she became available again prior to the conclusion of his trial. PCRA Ct. Op., 11/7/18, at 7. The record likewise supports these conclusions.

(1) the witness existed; (2) the witness was available to testify for the defense; (3) [trial] counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied [the appellant] a fair trial.

*Commonwealth v. Thomas*, 44 A.3d 12, 23 (Pa. 2012) (citations omitted).

In rejecting this claim, the PCRA court explained as follows:

First, during trial, this [c]ourt conducted a colloquy of [A]ppellant asking him if he had any witnesses he wanted to present in his defense and he said he had none. He also did not identify this alleged witness during the colloquy as a person who could provide him an alibi[.] The law is clear that "a voluntary waiver of testimony bars a claim of ineffective assistance for failure to testify." *Commonwealth v. Lawson*, 762 A.2d 753, 756 (Pa. Super. 2000). In addition, a defendant who in a colloquy states that he knowingly, intelligently, and voluntarily waiv[es] his right to call witnesses cannot later state that he was coerced to do so by counsel. *Id.* ("A defendant who voluntarily waives the right to call witnesses during a colloquy cannot later claim ineffective assistance and purport that he was coerced by counsel.").

Second, this []court deemed this issue to lack merit because [A]ppellant failed to present any evidence to corroborate his bald claim that he was at an amusement park when the murder occurred. He attached no receipts, photographs, or other evidence substantiating his claim that he could not have committed the murder because he was not in Philadelphia when it occurred.

PCRA Ct. Op. at 8-9 (citation to the notes of testimony omitted).

In sum, the PCRA court dismissed Appellant's claim because he knowingly and intelligently waived the right to call Ms. Gaines as a witness and did not present any evidence to corroborate his claim that she could provide an alibi for him. Thus, the record supports the PCRA court's conclusion that Appelant's claim that his counsel was ineffective for not calling Ms. Gaines

as a witness lacks arguable merit. Appellant is not, therefore, entitled to relief on this claim.

In his final issue, Appellant avers that the PCRA court erred in denying relief without holding a hearing on his claim of newly-discovered evidence of Officer Cordero's corruption. Appellant's Brief at 15-17. In support of this claim, Appellant alleged that Officer Cordero's association with the DTO gang is substantive evidence of Officer Cordero's motive to implicate Appellant in Lazo's death. *Id.* at 15. He avers that Officer Cordero's affiliation with the DTO gang was unknown to him at the time of trial, and, that had he known of Cordero's affiliation, Appellant would have sought to impeach him and to introduce Cordero's acts as evidence of his motive to lie. *Id.* at 16. He asserts that "in light of Officer Cordero's willingness to interfere with the FBI's investigation into the DTO less than six (6) months after [Appellant's] trial and Officer Cordero's connection to DTO's leader [ , Appellant] would have undoubtedly sought to introduce this evidence under Pa.R.E. 404(b)[.]" *Id.* He claims that had he introduced this evidence at trial, the result of the proceedings would have been different. *Id.* In support of this claim, Appellant proffered a newspaper article to show that Officer Cordero was convicted in 2013 by a federal court of obstruction and lying to the FBI for tipping off his half-brother[8] about a heroin trafficking investigation.

---

[8] Officer Cordero's half-brother was a member of the DTO gang.

Relevant here, the PCRA provides relief for a petitioner who demonstrates his conviction or sentence resulted from "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S. § 9543(a)(2)(vi). To establish a claim of newly discovered evidence, a petitioner must prove that: "(1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict." *Commonwealth v. Sepulveda*, 144 A.3d 1270, 1276 n.14 (Pa. 2016) (citation omitted). Newly discovered evidence must be producible and admissible in order to entitle a petitioner to relief. *Commonwealth v. Castro*, 93 A.3d 818, 825 (Pa. 2014).

There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008).

In *Castro*, *supra*, our Supreme Court held that it was not sufficient to rely upon a newspaper article to establish after-discovered evidence for use in a post-sentence motion. The Court held that, while a newspaper "article [may] contain[] allegations that suggest [exculpatory] evidence may exist, [ ] allegations in the media, whether true or false, are no more evidence than allegations in any other out-of-court situation." *Id.* at 825. Although

- 12 -

magazine and newspaper "articles can alert a party to the possible existence of evidence, the party must do more than attach the article [to establish] the evidence that will meet the [test for newly-discovered facts. . . . A petition] must, at the very least, describe the evidence that will be presented at the hearing." *Id.* at 827. This Court has applied *Castro* to the newly discovered fact exception to the PCRA. *See Commonwealth v. Brown*, 141 A.3d 491 (Pa. Super. 2016).

Our review of the record indicates that, Appellant proffered a newspaper article reporting on Officer Cordero's 2013 convictions, but he did not offer any additional evidence or signed certifications of any potential witnesses in support of his claim that: (1) Appellant had been involved in drug trafficking; (2) his primary competitor had been the rival gang DTO; (3) Officer Cordero's half-brother was a member of DTO; (4); and that, as a result, Officer Cordero "had a specific motive to ensure that [Appellant] was convicted of murder and taken off the streets." Supplemental Amended PCRA Petition, 1/12/18, at ¶¶ 26-29.

In light of Appellant's failure to proffer any evidence or identify any witnesses that could establish a nexus between Officer Cordero's 2013 convictions and Appellant's own alleged drug dealing, the PCRA court properly declined to grant Appellant an evidentiary hearing on his clam. *See Commonwealth v. Roney*, 79 A.3d 595, 607 (Pa. 2013) (holding that the denial of ineffective assistance of counsel claim is proper where the claim was

"based on nothing more than speculation, devoid of any factual evidentiary support"). Appellant is, therefore, not entitled to relief on this claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/5/19